THE PEOPLE *ex rel.* Dan Lee, County Collector, Appellee, *vs.* THE KANKAKEE AND SENECA RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. TAXES—*levy for "building and incidental expenses" is bad.* A levy of taxes by a county, expressed to be for "building and incidental expenses," cannot be sustained for the reasons given in *People* v. *Kankakee and Southwestern Railroad Co. ante,* p. 109.

2. SAME—*need of new bridges is not necessarily a contingency.* The need of building bridges is not a contingency within the meaning of section 14 of the Roads and Bridges act, relating to an additional road tax, where it is not shown in the certificate of the highway commissioners that the necessity for building bridges arose from any condition other than the usual and ordinary ones that may arise in any township needing to build bridges. (*C., C., C. & St. L. Ry. Co.* v. *People,* 223 Ill. 17, not followed.)

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, (L. J. HUCKUY, of counsel,) for appellant.

J. BERT. MILLER, State's Attorney, for appellee.

Per CURIAM: This is an appeal from a judgment of the county court of Kankakee county against the Kankakee and Seneca Railroad Company for certain taxes alleged to be delinquent.

Appellant filed two objections to a part of the taxes for which judgment was rendered: First, appellant objected to $154.12, penalty $3.80, being part of $11,000 levied for "building and incidental expenses" by the county authorities; second, appellant objected to $103.28, penalty $2.32, part of the road and bridge tax of the town of Limestone, which was levied by the road commissioners of said town under section 14 of the Road and Bridge act.

So far as the first objection is concerned, it has already had the consideration of this court, (*People* v. *Kankakee and Southwestern Railroad Co. ante,* p. 109,) and for the reasons given in that case the item of $154.12, and penalty thereon of $3.80, cannot be sustained.

The objection to the road and bridge tax in the town of Limestone is, that the certificate of the road commissioners is not sufficient, under section 14, to authorize the additional levy of forty cents on each $100 valuation. The certificate of the road commissioners is as follows: "It is hereby certified to the board of town auditors and the assessor of the town of Limestone that it is the opinion of the commissioners of highways of said town that a greater levy than sixty cents (60c) on each $100 of valuation is needed in said town in view of the contingency that forty cents on each $100 valuation is needed to build two bridges at a cost of thirteen hundred dollars ($1300), and that it will take all of the sixty cent levy on each $100 of valuation to pay for repairs and road work needed this year." The board of town aud-

itors gave their consent, in writing, to the additional levy of forty cents, as required by said section 14. It is not shown that the necessity for the building of these bridges arose from any condition other than the usual and ordinary conditions that may arise in any township having streams over which it becomes necessary to build bridges. The certificate before us does not show the existence of a contingency, within the meaning of section 14 of the Road and Bridge law, as that section has been construed by this court in a number of cases at the present term, as well as in others previously decided. The certificate here involved might be sustained under the ruling in *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 223 Ill. 17, but the construction there given to section 14 of the Road and Bridge law has not been followed in the more recent cases upon that subject.

The judgment of the county court of Kankakee county will be reversed and the cause remanded to that court, with directions to sustain the objections.

*Reversed and remanded, with directions.*